```
          IN THE UNITED STATES DISTRICT COURT FOR THE

                       DISTRICT OF NEBRASKA

DANIELLE M. MAYFIELD,         )
                              )
            Plaintiff,        )        4:06CV3025
                              )
       v.                     )
                              )
JO ANNE B. BARNHART,          )        MEMORANDUM OPINION
Commissioner of Social        )
Security Administration,      )
                              )
            Defendant.        )
_____)
```

This matter is before the Court for review of a final decision of the Commissioner of Social Security ("Commissioner"), wherein the Commissioner denied plaintiff's request for Supplemental Security Income ("SSI") benefits. After careful review of the briefs, the 438-page record before the Court, and the applicable law, the Court finds that the Commissioner's decision should be affirmed.

## BACKGROUND

The plaintiff, Danielle M. Mayfield ("plaintiff" or "Mayfield") initially filed for SSI benefits on July 1, 2002, based on her low intellectual function,[1] psychiatric concerns and physical issues including recurrent headaches, asthma and knee problems. Mayfield lives independently with her husband and his parents.

---

[1] The record indicates that Mayfield graduated from Nebraska City High School on May 16, 2004.

On November 1, 2002, Mayfield was notified that her benefit claim was denied. Mayfield then sought reconsideration, which was also denied. On February 19, 2003, Mayfield filed a request for hearing by an administrative law judge ("ALJ"). This hearing was held on May 3, 2004, in front of ALJ Robert K. Rogers. On October 13, 2004, ALJ Rogers denied Mayfield's benefits claim. Mayfield filed a request for review of the hearing decision and submitted further written evidence. On December 29, 2005, the Appeals Council affirmed the decision of the ALJ. Mayfield then filed the current action in this Court seeking review of the Commissioner's decision.

## STANDARD OF REVIEW

The Commissioner's decision will be affirmed "if the record contains substantial evidence to support it." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). "In determining whether existing evidence is substantial, [a court should] consider evidence that detracts from the Commissioner's decision as a well as evidence that supports it." *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001). If the record reveals substantial evidence supporting the Commissioner's decision, then that decision should not be reversed merely

because "substantial evidence exists in the record that would have supported a contrary outcome." *Id.*  In other words, "[a]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001)(citing *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997)).

## DISCUSSION

The narrow issue before the Court is whether there is substantial evidence on the record as a whole to support the ALJ's decision denying Mayfield's application for SSI benefits. *See* 42 U.S.C. § 405(g).  Plaintiff makes two arguments in support of her request that the ALJ's decision be set aside.  First, plaintiff claims that her mental condition meets the requirements of the Commissioner's listings at §§ 12.04, 12.05C and 12.08. Specifically, plaintiff asserts that "the Judge erred in not factoring in the fact that claimant also suffers from hallucinations and incapacitating headaches on a regular basis." (Plaintiff's Brief, p. 8)(citations omitted).  Second, plaintiff challenges the ALJ's credibility determination.  The Court finds that there is substantial evidence on the record to support the ALJ's decision, and thus will affirm the Commissioner's decision. In doing so, the Court is cognizant of the statutory and regulatory framework that governs the payment of SSI benefits.

The evidence that supports the ALJ's decision is contained in the medical records, the vocational expert's testimony in response to the ALJ's hypothetical question and the ALJ's credibility determination.  At the outset, the Court notes two guiding principles in this matter:  (1) that the Court must affirm the decision of the ALJ if the record contains substantial evidence to support his decision, and (2) the credibility of the plaintiff is for the ALJ, not this Court, to decide.  *See Edwards*, 314 F.3d at 966; 20 C.F.R. § 404.1527(d)(2).

Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question.  *Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996).  When a hypothetical question does not encompass all relevant impairments, the vocational expert's testimony does not constitute substantial evidence.  *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994).  Thus, the ALJ's hypothetical question must include those impairments that the ALJ finds are substantially supported by the record as a whole.  *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993).

The record contains the testimony of vocational expert Steven Kuhn in response to a hypothetical question that included all relevant impairments.  (Transcript ("T") 432-37).  Vocational expert Kuhn testified that Mayfield could perform task-oriented jobs in a relatively low stress environment involving simple and

detailed, though not complicated job instructions and tasks. (T 432). In the hypothetical, Kuhn was also directed to assume an individual with no work experience and with no exertional limits on her ability to work. (T 432). In response, Kuhn gave the example of the jobs of vehicle washer, as well as jobs in food prep and laundry that could be performed by a person with the capabilities and limitations contained in the hypothetical. (T 433). Kuhn testified that these positions existed in the state and national economies in significant numbers. (T 433). Kuhn's testimony constitutes substantial evidence because the hypothetical question to which he was responding contained all of Mayfield's relevant impairments.

### Hallucinations and Headaches

The Court finds that the record does not support plaintiff's assertion that the ALJ erred in not factoring in that plaintiff suffers from hallucinations and incapacitating headaches on a regular basis. Plaintiff directs the Court to specific portions of the transcript to support its claim of error. Specifically, plaintiff directs the Court to pages 252-65 and 350-74 of the record for evidence of hallucinations and pages 350-99 for evidence of the recurrent incapacitating headaches. A careful and detailed review of these portions of the record does not find support for plaintiffs assertion of error by the ALJ. While plaintiff did report "some auditory hallucinations" on

December 31, 2002 (T 257), the record also reflects that plaintiff's other reports of hallucinations were in reference to the hallucinations being under control (T 258, 367) or non-existent (T 360, 361, 363).  Thus, the record does not support the assertion that the ALJ erred in its assessment of the impact of plaintiff's asserted hallucinations.

The record also does not support plaintiff's report of "incapacitating headaches on a regular basis." (Plaintiff's Brief, p. 8).  A careful review of the portion of the record to which plaintiff directs the Court (T 350-99) reveals no mention of headaches at all, much less reports of incapacitating headaches on a regular basis.  The record does not support plaintiff's assertion that the ALJ erred in its assessment of the impact of plaintiff's asserted incapacitating headaches.

Credibility

A determination regarding the plaintiff's credibility is largely left to the ALJ.  *See Edwards*, *supra*; *Pearsall*, 274 F.3d at 1218; *Holmstrom v. Massanari*, 270 F3d 715, 721 (8th Cir. 2001).  The United States Court of Appeals for the Eighth Circuit has explained that "the ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard."  *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).

"If the ALJ discredits a claimant's credibility and gives a good reason for doing so, we will defer to its judgment." *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

In this case, the ALJ's written disposition specifically questioned the credibility of Mayfield's testimony (and that of her witness) regarding her subjective complaints. Further, the objective evidence, taken in conjunction with the evidence from Carol Anderson, a clinical psychologist, could easily lead to the conclusion that the plaintiff's testimony was not credible.

There is limited evidence of treatment for physical ailments or of ongoing physical limitations. While the initial claim asserts knee pain as a physical issue, there is no record of Mayfield receiving or seeking treatment for knee pain since June, 2003, when Mayfield reported that her knee was working well other than pain from a recent fall. The Eighth Circuit has noted that an ALJ may properly take into account that a claimant has not made significant efforts to alleviate alleged pain and is not taking prescription medication to treat such pain. *Davis v. Apfel*, 239 F.3d 962, 966-67 (8th Cir. 2001). Further, Mayfield testified that she is able to cook, clean, wash dishes, do laundry and care for herself. Therefore, the ALJ could properly question Mayfield's credibility as to her physical limitations.

Mayfield's credibility is also brought into question by evidence that she was manipulative and exaggerated her mental symptoms based in part by a motivation to qualify for benefits. The Eighth Circuit has held that an ALJ may discount a claimant's subjective complaints when evidence indicates that claimant appears motivated to qualify for disability benefits. *Gaddis v. Chater*, 76 F.3d 893, 895-96 (8th Cir. 1996)(strong element of secondary gain belies plaintiff's belief that he is truly disabled and unable to perform any substantial gainful activity). Here, Dr. Anderson noted that Mayfield's primary concern was "How soon will I get on disability?" (T 186). Mayfield's awareness of the availability of disability benefits was noted at an early age. Mayfield reported to Dr. Anderson that she quit school at age fourteen to run the streets and use drugs with her "friends" ages 21 and 42. (T 173). Mayfield reported that her 21- and 42-year-old friends supported her with their disability monies. (T 173). Currently Mayfield's financial support comes in part from her husband's receipt of disability monies. (T 431-32).

Mayfield's credibility is also challenged because Dr. Anderson noted that many of Mayfield's answers "seemed evasive and avoidant." (T 176). Dr. Anderson noted that while Mayfield claimed memory problems, her "recent, remote and recall memory appear adequate." (T 176). The record amply supports the ALJ's determination questioning plaintiff's credibility.

-8-

Because the decision is supported by substantial evidence, the Court will affirm the decision and plaintiff's complaint will be dismissed. A separate order will be issued in accordance with this memorandum opinion.

DATED this 26th day of July, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court